1   Robert S. Coldren, Esq., Bar No. 81710
    John H. Pentecost, Esq., Bar No. 99527
2   Boyd L. Hill, Esq., Bar No.140435
    HART, KING & COLDREN
3   A PROFESSIONAL LAW CORPORATION
    200 Sandpointe, Fourth Floor
4   Santa Ana, California 92707
    Telephone:  (714) 432-8700
5   Facsimile:  (714) 546-7457
    jpentencost@hkclaw.com
6
7   Attorneys for Defendant Cal-Am Properties, Inc.

FILED

09 AUG 19  PH 3:33

[illegible stamp]
CLERK, U.S. DISTRICT COURT
N DISTRICT OF CALIFORNIA

[E-FILING MANDATORY]

8               UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11  JOYCE ANDERSON and JASON          )   Case No. CV08-3895 JCS
    ANDERSON,                         )
12                                    )   Assigned for All Purposes to U.S. Magistrate
                                      )   Judge Joseph C. Spero
13             Plaintiffs,            )   Courtroom A, 15th Floor
                                      )
14       vs.                          )
                                      )   ANSWER OF DEFENDANT CAL-CAM
15  CAL-AM PROPERTIES, INC.; CAVCO    )   PROPERTIES, INC. TO COMPLAINT
    INDUSTRIES, INC. and DOES 1-100,  )   FOR DAMAGES; DEMAND FOR JURY
16  Inclusive                         )   TRIAL
                                      )
17             Defendants.            )   FAXED
                                      )
18                                    )
                                      )
19  _____ )

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

20      Defendant Cal-Am Properties, Inc. ("Defendant"), on behalf of itself and no other

21  defendant, answers the Complaint for Damages by Plaintiffs Joyce and jSaichael Anderson

22  ("Plaintiffs"), alleging as follows:

23              **ANSWER TO GENERAL ALLEGATIONS**

24      1.      Answering the allegations of paragraph 1, Defendant lacks information and

25  belief sufficient to admit or deny those allegations and based thereon denies generally and

26  specifically each and every allegation contained therein.

27      2.      Answering the allegations of paragraph 2, Defendant lacks information and

28  belief sufficient to admit or deny the allegations and based thereon denies generally and

1

1  specifically each and every allegation contained therein.  Defendant admits that Plaintiffs

2  purchased a manufactured home from Defendant.

3      3.      Answering the allegations of paragraph 3, Defendant lacks information and

4  belief sufficient to admit or deny the allegations and based thereon denies generally and

5  specifically each and every allegation contained therein.

6      4.      Answering the allegations of paragraph 4, Defendant lacks information and

7  belief sufficient to admit or deny the allegations and based thereon denies generally and

8  specifically each and every allegation contained therein.

9      5.      Answering the allegations of paragraph 5, Defendant admits that it is licensed

10  to do business in California. As to the remaining allegations of paragraph 5, Defendant lacks

11  information and belief sufficient to admit or deny the allegations and based thereon denies

12  generally and specifically each and every allegation contained therein.

13      6.      Answering the allegations of paragraph 6, Defendant lacks information and

14  belief sufficient to admit or deny the allegations and based thereon denies generally and

15  specifically each and every allegation contained therein.

16      7.      Answering the allegations of paragraph 7, Defendant lacks information and

17  belief sufficient to admit or deny the allegations and based thereon denies generally and

18  specifically each and every allegation contained therein.

19      8.      Answering the allegations of paragraph 8, Defendant lacks information and

20  belief sufficient to admit or deny the allegations and based thereon denies generally and

21  specifically each and every allegation contained therein.

22      9.      Answering the allegations of paragraph 9, Defendant lacks information and

23  belief sufficient to admit or deny the allegations and based thereon denies generally and

24  specifically each and every allegation contained therein.

25      10.      Answering the allegations of paragraph 10, Defendant denies generally and

26  specifically each and every allegation contained therein.

27      11.      Answering the allegations of paragraph 11, Defendant admits that it entered

28  into a purchase order with Plaintiffs for the amount of $171,392.00, but denies generally and

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

2

1  specifically each and every remaining allegation contained therein.

2      12.    Answering the allegations of paragraph 12, Defendant denies that Exhibit 1 is a

3  full and complete copy of the purchase order it entered into with Plaintiffs.

4      13.    Answering the allegations of paragraph 13, Defendant lacks information and

5  belief sufficient to admit or deny the allegations and based thereon denies generally and

6  specifically each and every allegation contained therein.

7      14.    Answering the allegations of paragraph 14, Defendant lacks information and

8  belief sufficient to admit or deny the allegations and based thereon denies generally and

9  specifically each and every allegation contained therein.

10     15.    Answering the allegations of paragraph 15, Defendant denies generally and

11 specifically each and every allegation contained therein.

12     16.    Answering the allegations of paragraph 16, Defendant denies generally and

13 specifically each and every allegation contained therein.

14     17.    Answering the allegations of paragraph 17, Defendant denies generally and

15 specifically each and every allegation contained therein.

16                    **ANSWER TO FIRST CAUSE OF ACTION**

17                         **For Breach of Contract**

18     18.    Answering the allegations of paragraph 18, Defendant incorporates by

19 reference its answers to Paragraphs 1-17.

20     19.    Answering the allegations of paragraph 19, Defendant admits that it entered

21 into a purchase order with Plaintiffs for the amount of $171,392.00, but denies generally and

22 specifically each and every remaining allegation contained therein.

23     20.    Answering the allegations of paragraph 20, Defendant denies that Exhibit 1 is a

24 full and complete copy of the purchase order it entered into with Plaintiffs.

25     21.    Answering the allegations of paragraph 21, Defendant denies generally and

26 specifically each and every allegation contained therein.

27     22.    Answering the allegations of paragraph 22, Defendant denies generally and

28 specifically each and every allegation contained therein.

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

3

1    23.    Answering the allegations of paragraph 23, Defendant denies generally and
2 specifically each and every allegation contained therein.

3    24.    Answering the allegations of paragraph 24, Defendant denies generally and
4 specifically each and every allegation contained therein.

5    25.    Answering the allegations of paragraph 25, Defendant denies generally and
6 specifically each and every allegation contained therein.

7    26.    Answering the allegations of paragraph 26, Defendant denies generally and
8 specifically each and every allegation contained therein.

9    27.    Answering the allegations of paragraph 27, Defendant denies generally and
10 specifically each and every allegation contained therein.    Defendant further denies that
11 Plaintiffs are entitled to any damages, in any sum, or at all.

12              **ANSWER TO SECOND CAUSE OF ACTION**

13                     **For Breach of Warranty**

14    Count 1 – Willful Violation of the Song-Beverly Consumer Warranty Act

15    28.    Answering the allegations of paragraph 28, Defendant incorporates by
16 reference its answers to Paragraphs 1-27.

17    29.    Answering the allegations of paragraph 29, Defendant admits that it gave
18 Plaintiffs an express written warranty as required by Civil Code sections 1797-1797.7, but
19 denies generally and specifically each and every remaining allegation contained therein.

20    30.    Answering the allegations of paragraph 30, Defendant denies generally and
21 specifically each and every allegation contained therein.

22    31.    Answering the allegations of paragraph 31, Defendant denies generally and
23 specifically each and every allegation contained therein.

24    32.    Answering the allegations of paragraph 32, Defendant denies generally and
25 specifically each and every allegation contained therein.

26    33.    Answering the allegations of paragraph 33, Defendant denies generally and
27 specifically each and every allegation contained therein.

28    34.    Answering the allegations of paragraph 34, Defendant denies generally and

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

4

*DEFENDANT CAL-AM PROPERTIES, INC. ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL*

1   specifically each and every allegation contained therein.

2       35.    Answering the allegations of paragraph 35, Defendant denies generally and
3   specifically each and every allegation contained therein.

4       36.    Answering the allegations of paragraph 36, Defendant denies generally and
5   specifically each and every allegation contained therein.

6       37.    Answering the allegations of paragraph 37, Defendant denies generally and
7   specifically each and every allegation contained therein.  Defendant further denies that
8   Plaintiffs are entitled to any damages, in any sum, or at all.

9       38.    Answering the allegations of paragraph 38, Defendant denies generally and
10  specifically each and every allegation contained therein.  Defendant further denies that
11  Plaintiffs are entitled to any damages, in any sum, or at all.

12              Count 2 – Breach of the Implied Warranty of Merchantability,

13                  Song-Beverly Consumer Warranty Act

14      39.    Answering the allegations of paragraph 39, Defendant incorporates by
15  reference its answers to Paragraphs 1-38.

16      40.    Answering the allegations of paragraph 40, Defendant denies generally and
17  specifically each and every allegation contained therein.

18      41.    Answering the allegations of paragraph 41, Defendant denies generally and
19  specifically each and every allegation contained therein.

20      42.    Answering the allegations of paragraph 42, Defendant denies generally and
21  specifically each and every allegation contained therein.

22      43.    Answering the allegations of paragraph 43, Defendant denies generally and
23  specifically each and every allegation contained therein.  Defendant further denies that
24  Plaintiffs are entitled to any damages, in any sum, or at all.

25      44.    Answering the allegations of paragraph 44, Defendant denies generally and
26  specifically each and every allegation contained therein.  Defendant further denies that
27  Plaintiffs are entitled to any damages, in any sum, or at all.

28  ///

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

5

Count 3—Violation of the Magnuson-Moss Warranty Act

45.     Answering the allegations of paragraph 45, Defendant incorporates by reference its answers to Paragraphs 1-44.

46.     Answering the allegations of paragraph 46, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.

47.     Answering the allegations of paragraph 47, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.

48.     Answering the allegations of paragraph 48, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.

49.     Answering the allegations of paragraph 49, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.

50.     Answering the allegations of paragraph 50, Defendant denies generally and specifically each and every allegation contained therein.

51.     Answering the allegations of paragraph 51, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies the allegations.

52.     Answering the allegations of paragraph 52, Defendant denies generally and specifically each and every allegation contained therein.  Defendant further denies that Plaintiffs are entitled to any damages, in any sum, or at all.

53.     Answering the allegations of paragraph 53, Defendant denies generally and specifically each and every allegation contained therein.  Defendant further denies that Plaintiffs are entitled to any damages, in any sum, or at all.

## RESPONSE TO THIRD CAUSE OF ACTION

### For Negligence

54.     Answering the allegations of paragraph 54, Defendant incorporates by

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

1  reference its answers to Paragraphs 1-53.

2    55.    Answering the allegations of paragraph 55, Defendant lacks information and
3  belief sufficient to admit or deny the allegations and based thereon denies generally and
4  specifically each and every allegation contained therein.

5    56.    Answering the allegations of paragraph 56, Defendant denies generally and
6  specifically each and every allegation contained therein.

7    57.    Answering the allegations of paragraph 57, Defendant denies generally and
8  specifically each and every allegation contained therein.

9    58.    Answering the allegations of paragraph 58, Defendant denies generally and
10  specifically each and every allegation contained therein.    Defendant further denies that
11  Plaintiffs are entitled to any damages, in any sum, or at all.

12              **RESPONSE TO FOURTH CAUSE OF ACTION**

13                      **For Misrepresentation**

14              First Count—Intentional Misrepresentation

15    59.    Answering the allegations of paragraph 59, Defendant incorporates by
16  reference its answers to Paragraphs 1-58.

17    60.    Answering the allegations of paragraph 60, Defendant admits generally and
18  specifically each and every allegation contained therein.

19    61.    Answering the allegations of paragraph 61, Defendant lacks information and
20  belief sufficient to admit or deny the allegations and based thereon denies generally and
21  specifically each and every allegation contained therein.

22    62.    Answering the allegations of paragraph 62, Defendant admits that it entered
23  into a purchase order with Plaintiffs for the amount of $171,392.00, but denies that Exhibit 1
24  is a full and complete copy of the purchase order it entered into with Plaintiffs.

25    63.    Answering the allegations of paragraph 63, Defendant denies generally and
26  specifically each and every allegation contained therein.

27    64.    Answering the allegations of paragraph 64, Defendant denies generally and
28  specifically each and every allegation contained therein.

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

7

65.    Answering the allegations of paragraph 65, Defendant denies generally and specifically each and every allegation contained therein.

66.    Answering the allegations of paragraph 66, Defendant denies generally and specifically each and every allegation contained therein.

67.    Answering the allegations of paragraph 67, Defendant denies generally and specifically each and every allegation contained therein.

68.    Answering the allegations of paragraph 68, Defendant denies generally and specifically each and every allegation contained therein.

69.    Answering the allegations of paragraph 69, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.    Defendant further denies that Plaintiffs are entitled to any damages, in any sum, or at all.

Second Count—Negligent Misrepresentation

70.    Answering the allegations of paragraph 70, Defendant incorporates by reference its answers to Paragraphs 1-69.

71.    Answering the allegations of paragraph 71, Defendant denies generally and specifically each and every allegation contained therein.    Defendant further denies that Plaintiffs are entitled to any damages, in any sum, or at all.

Third Count—Suppression of Fact

72.    Answering the allegations of paragraph 72, Defendant incorporates by reference its answers to Paragraphs 1-71.

73.    Answering the allegations of paragraph 73, Defendant lacks information and belief sufficient to admit or deny the allegations and based thereon denies generally and specifically each and every allegation contained therein.

74.    Answering the allegations of paragraph 74, Defendant denies generally and specifically each and every allegation contained therein.

75.    Answering the allegations of paragraph 75, Defendant denies generally and specifically each and every allegation contained therein.

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

8

1    76.    Answering the allegations of paragraph 76, Defendant denies generally and
2  specifically each and every allegation contained therein.   Defendant further denies that
3  Plaintiffs are entitled to any damages, in any sum, or at all.

4                          **FIRST AFFIRMATIVE DEFENSE**

5                       **(Failure to State a Cause of Action)**

6    77.    Plaintiff's Complaint, and each cause of action alleged therein, fails to state
7  facts sufficient to constitute a cause of action against Defendant.

8                         **SECOND AFFIRMATIVE DEFENSE**

9                        **(Failure to Mitigate Damages)**

10    78.    Defendant is informed and believes, and on such information and belief alleges
11  that Plaintiff's Complaint, and each cause of action alleged therein, is barred by Plaintiff's
12  failure to mitigate damages by failing to take such actions as are reasonably necessary to
13  minimize any loss which may have been, or in the future, may be sustained.

14                         **THIRD AFFIRMATIVE DEFENSE**

15                          **(Statute of Limitations)**

16    79.    Defendant is informed and believes, and upon such information and belief
17  alleges, that the relief prayed for, and the causes of action set forth, are barred by the
18  applicable statute of limitations codified in California Code of Civil Procedure section 315,
19  et seq.

20                         **FOURTH AFFIRMATIVE DEFENSE**

21                        **(Negligence of Third Parties)**

22    80.    Defendant is informed and believes, and upon such information and belief
23  alleges, that the damages, if any, sustained by Plaintiffs were caused by acts, omissions, or
24  the negligence of other third parties and not Defendant and any damages awarded to
25  Plaintiffs should be diminished in proportion to that amount of fault attributed to such third
26  parties. Accordingly, Plaintiffs are wholly and/or partially barred from recovery herein.

27  / / /
28  / / /

*HART, KING & COLDREN*
*A PROFESSIONAL LAW CORPORATION*
*200 SANDPOINTE, FOURTH FLOOR*
*SANTA ANA, CALIFORNIA 92707*

9
37924.005/4819-7401-9842v.1
*DEFENDANT CAL-AM PROPERTIES, INC. ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL*

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

81.    Defendant alleges that to the extent Plaintiffs seek equitable relief, Plaintiffs' inequitable conduct constitutes laches and, therefore, bars the granting of relief to Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

82.    Defendant is informed and believes, and on such information and belief alleges, that Plaintiffs are estopped by their own conduct from asserting any and all claims they have or may have had against Defendant arising from the transactions and occurrences set forth in the Complaint

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

83.    Defendant is informed and believes, and upon such information and belief alleges, that by virtue of Plaintiffs' unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiffs should be barred from recovery against Defendant by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Offset)

84.    Defendant is informed and believes and thereon alleges that the losses to Plaintiffs, if any, were occasioned and as a result of its failure to comply with the terms of certain agreements between Plaintiffs and others herein. Therefore, Defendant is entitled to an offset as determined with respect to such failure against Defendant's liability, if any.

## NINTH AFFIRMATIVE DEFENSE

### (Release and Waiver)

85.    Defendant is informed and believes, and thereon alleges, that Plaintiffs' actions constituted a full release and waiver of any and all claims which may have existed against Defendant.

///

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

37924.005/4819-7401-9842v.1

*DEFENDANT CAL-AM PROPERTIES, INC. ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL*

### TENTH AFFIRMATIVE DEFENSE

#### (Not Responsible for Acts of DOES 1 through 100)

86.    Defendant is not legally responsible for the acts and/or omissions of those Defendants named herein as DOES 1 through 100, inclusive.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Comparative Negligence)

87.    Defendant is informed and believes, and upon such information and belief alleges, that the damages, if any sustained by Plaintiffs as alleged in each and every cause of action of the Complaint, were the proximate result of, and were caused by, Plaintiffs and Plaintiffs' agent's negligence, carelessness and recklessness in that Plaintiffs and Plaintiffs' agents negligently, carelessly and recklessly failed to use due or ordinary care, caution and diligence under the conditions and circumstances existing with regard to the acts, occurrences and transactions alleged in Plaintiffs' Complaint.    Plaintiffs and Plaintiffs' agent's negligence, carelessness and recklessness proximately caused or contributed, in whole or in part, to the damages, if any, purportedly sustained by Plaintiffs.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Consent)

88.    Defendant is informed and believes, and upon such information and belief alleges, that Plaintiffs consented to the acts and omissions complained of in the Complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Excuse of Performance)

89.    Defendant is informed and believes and thereon alleges that if any contract, obligation or agreement as alleged in the Complaint has been entered into, any duty of performance by Defendant is excused by reason of failure of consideration, breach of condition precedent, impossibility of performance, prevention by Plaintiffs, frustration of purpose, waiver by Plaintiffs and/or acceptance by Plaintiffs.

/ / /

/ / /

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

37924.005/4819-7401-9842v.1

*DEFENDANT CAL-AM PROPERTIES, INC. ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL*

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conditions Precedent/Antecedent)

90.    Defendant is informed and believes and thereon alleges that any alleged agreements were subject to a condition precedent and/or antecedent and that such conditions have occurred or have failed to occur thereby extinguishing or precluding liability of Defendant under said alleged agreements at this time.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

91.    Defendant is informed and believes, and on such information and belief, alleges that Plaintiffs breached the contract, if any, with Defendant, and that by reason of the breach of contract, Defendant has been excused of any duties to perform obligations set forth in the contract.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

92.    Defendant is informed and believes, and upon such information and belief alleges, that any damages claimed by Plaintiffs in the Complaint are speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

93.    Defendant is informed and believes, and upon such information and belief alleges, that the actions of the parties constitute an accord and satisfaction as to all claims as against Defendant or, alternatively, an accord and satisfaction that act as a bar to all claims against Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Arbitration)

94.    Defendant is informed and believes, and upon such information and belief alleges, that all of the purported claims asserted against Defendant are subject to arbitration. Consequently, Defendant requests that this matter be referred to arbitration and that this action be stayed pending the outcome of such arbitration.

12

## NINETEENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees and Costs, § 128.7)

95.    Defendant is informed and believes, and upon such information and belief alleges that the action is frivolous, is filed and/or prosecuted in bad faith and is totally without merit as to Defendant.  Defendant is therefore entitled to recover from Plaintiffs and/or Plaintiffs' attorneys of record the reasonable expenses, including attorneys' fees and costs incurred by Defendant in defending against this action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

96.    Defendant is informed and believes and thereon alleges that Plaintiffs have not sustained any injury or damage as a result of any act, omission to act, or conduct by Defendant.

## TWENTY FIRST AFFIRMATIVE DEFENSE

### (No Punitive Damages)

97.    Defendant is informed and believes and thereon alleges that Plaintiffs Complaint fails to set forth any facts which would constitute the basis for any claim of punitive damages against Defendant under California Civil Code section 3294.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Statute of Frauds)

98.    Defendant is informed and believes and thereon alleges that the Complaint in its entirety, and each and every cause of action therein, is barred by the statute of frauds, Civil Code section 1624.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reasonable Care)

99.    Defendant is informed and believes and thereon alleges that if there was any improper conduct or illegal conduct (which allegation is made for the purpose of this affirmative defense only and shall not constitute an admission), Defendant took reasonable care to prevent such conduct.

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

13

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

·1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Superseding Conduct)

100.    Defendant is informed and believes and thereon alleges that if, at or about the time alleged in Plaintiffs' Complaint, Plaintiffs were caused to suffer any injury or damages, which Defendant denies, any injury or damages was proximately and legally caused by superseding and intervening conduct on the part of third parties, other than Defendant, and by virtue of that superseding and intervening conduct, Defendant has no legal liability to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Warranty)

101.    Defendant did not make any warranties or guaranties, expressed, implied, or apparent, upon which Plaintiffs may rely for certain of its claims in this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Exclusion of Warranties)

102.    Defendant is informed and believes and thereon alleges that any warranties or guaranties, expressed, implied or apparent, made by Defendant, if any, were excluded orally, in writing, by course of dealing, by course of performance, by usage of trade, or were limited to exclude the relief now requested by Plaintiff.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Alteration of Product)

103.    Defendant is informed and believes and thereon alleges that Plaintiff and/or third parties or entities altered, revised or modified the products in question after they left the control of Defendant and that the loss and damages complained of, if any, were caused or contributed to by said alteration, modification or revision.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

### (Approval of Performance)

104.    Defendant alleges that Plaintiffs assisted, consulted and approved the actions of Defendant, thereby estopping Plaintiffs from now complaining of damages, if any,

14

1  resulting from those actions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Truthful Representations)

105.    Any and all representations and statements made, if any, by or on behalf of Defendant concerning or referring to Plaintiffs' home were and are true.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Fair Responsibility Act)

106.    The liability of Defendant, if any, for the amount of non-economic damages, if any, should be limited pursuant to the Fair Responsibility Act of 1986, Section 1431.2 of the Civil Code, in direct proportion of Defendant's percentage of negligence or fault, if any, and Defendant prays for separate judgment in the amount of any such non-economic damages as determined by the trier of fact.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Compliance with Statutes)

107.    Defendant is informed and believes, and thereon alleges, that Defendant and its agents either complied with all statutory requirements cited by Plaintiffs or statutes otherwise applicable or were not subject to the same under the circumstances of this case.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Justification)

108.    Defendant is informed and believes, and thereon alleges, that the conduct of Defendant complained of by Plaintiffs in its Amended Complaint was justified.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Causation)

109.    There is no causal connection between the act or conduct by Defendant and any violation, breach, act or conduct Plaintiffs allege has occurred, or any loss or damages Plaintiffs allege they have sustained as a result thereof.

///

///

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

15

·1

2

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Performance of Duty)

3    110.    Defendant alleges that it fully performed any and all contractual, statutory and
4 other duties owed to Plaintiffs and Plaintiffs are therefore estopped to assert any claims for
5 relief against Defendant.

6

7

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Lack of Equity)

8    111.    Defendant is informed and believes, and thereon alleges, that as between
9 Defendant and Plaintiffs, the equities do not preponderate in favor of Plaintiffs so as to allow
10 recovery based on any equitable theories.

11

12

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Bad Faith)

13    112.    Defendant alleges that at all times material herein, Plaintiffs failed to act
14 reasonably and in good faith based on all of the relevant material facts known by them at the
15 time that they acted, and Plaintiff thereby breached the implied covenant of good faith and
16 fair dealing with respect to Defendant.

17

18

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Impossibility of Performance)

19    113.    Defendant is excused from performance by virtue of impossibility caused by
20 persons and/or events beyond the control of Defendant.

21

22

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Loss of Money or Property)

23    114.    Defendant is informed and believes, and thereon alleges, that Plaintiffs have
24 not sustained any loss of money or property as a result of any act, omission to act, or conduct
25 by Defendant. Due to such lack of loss of money or property, Plaintiffs are barred from any
26 alleged right to recover against Defendant.

27 / / /

28 / / /

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

37924.005/4819-7401-9842v.1

*DEFENDANT CAL-AM PROPERTIES, INC. ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL*

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Fraud, Malice Or Oppression)

115.    As and for a separate and affirmative defense, Defendant alleges that it did not act fraudulently, maliciously or with the intent to oppress Plaintiffs.

## FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

116.    Plaintiffs have failed to join parties who are indispensable to a complete resolution of Plaintiffs' claims in this action.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Additional, Unknown Affirmative Defenses)

117.    Defendant presently has insufficient knowledge or information upon which to form a belief as to whether or not it has additional, as yet unstated affirmative defenses available. Discovery has not yet been completed in this case, and additional facts may be uncovered during the course of discovery which give rise to additional affirmative defenses in the event that they are indicated by the evidence.

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiffs take nothing by way of their Complaint on file herein, or any cause of action contained therein;

2.    That Defendant be dismissed with prejudice from this Complaint.

3.    For attorneys' fees and costs of suit incurred herein; and

4.    For such other and further relief as this Court may deem just and proper.

Dated: August 15, 2008                    HART, KING & COLDREN

By: _____
Robert S. Coldren, Esq.
John H. Pentecost, Esq.
Boyd L. Hill, Esq.
Attorneys for Defendant Cal-Am Properties, Inc.

17

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

1    **DEMAND FOR JURY TRIAL**

2    Defendant Cal-Am Properties Inc. hereby demands trial by jury.

3    Dated: August 15, 2008                    HART, KING & COLDREN

4

5
                                        By:
6                                            Robert S. Coldren, Esq.
                                             John H. Pentecost, Esq.
7                                            Boyd L. Hill, Esq.
                                             Attorneys for Defendant Cal-Am Properties,
8                                            Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

2

1      **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF ORANGE

3          I am employed in the County of Orange, State of California. I am over the age of 18 years
     and am not a party to the within action. My business address is 200 Sandpointe, Fourth Floor, Santa
4    Ana, California 92707. On August 19, 2008, I caused the foregoing documents(s) described as:
     **ANSWER OF DEFENDANT CAL-CAM PROPERTIES, INC. TO COMPLAINT FOR**
5    **DAMAGES; DEMAND FOR JURY TRIAL** to be served on the interested parties in this action as
     follows:
6
     by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as stated
7    on the ATTACHED SERVICE LIST.

8    ☐ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing
9    correspondence for mailing. Under that practice it would be deposited with the U. S. Postal Service
     on that same day with postage thereon fully prepaid Santa Ana, California in the ordinary course of
10   business. I am aware that on motion of the party served, service is presumed invalid if the postal
     cancellation date or postage meter date is more than one day after date of deposit for mailing in the
11   affidavit.

12   ☒ **BY FEDERAL EXPRESS.** I caused such envelope to be placed for collection and delivery on
13   this date in accordance with standard delivery procedures.

14   ☐ **BY ELECTRONIC TRANSMISSION.** I caused such document to be served on this date by
     electronic transmission in accordance with standard procedures and to the e-mail address listed on
15   the attached service list.

16   ☐ **BY FACSIMILE:** I caused such document(s) to be transmitted by facsimile transmission from a
     facsimile transmission machine, at Santa Ana, California, with the telephone number,
17   (714) 546-7457 to the parties and/or attorney for the parties at the facsimile transmission number(s)
     shown above. The facsimile transmission was reported as complete without error by a transmission
18   report, issued by the facsimile transmission machine upon which the transmission was made. A true
19   and correct copy of the transmission report is attached hereto and incorporated herein by reference.

20   ☐ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above-
     referenced person(s).
21

22   ☐ [State] I declare under penalty of perjury under the laws of the state of California that the above
     is true and correct.

23   ☒ [Federal] I declare that I am employed in the office of a member of the bar of this Court at whose
24   direction the service was made.

25   Executed on August 19, 2008, at Santa Ana, California.

26                                                                _____
                                                                  Dora Renteria
27

28

7924.005/4830-8962-8162v.1

i

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

**SERVICE LIST**

1

2  Paul G. Minoletti, Esq.                              *Attorneys for Plaintiff Joyce Anderson and*
3  Brandon L. Reeves, Esq.                              *Jason Anderson*
   Greene, Chauvel, Descalso & Minoletti
4  155 Bovet Road, Suite 780
   San Mateo, CA 94402
5  Tel.: (650) 573-9500
   Fax: (650) 573-9689
6  pminoletti@greenchannel.com

7
   Kevin R. Mintz, Esq.                                 *Attorneys for Defendant Cavco Industries, Inc.*
8  Bryce Gray, Esq.
   Rankin, Sproat, Mires, Beaty & Reynolds
9  1333 Broadway, Suite 600
   Oakland, CA 94612
10 Tel.: (510) 465-3922
   Fax: (510) 452-3006
11 mintz@rankinlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HART, KING & COLDREN
A PROFESSIONAL LAW CORPORATION
200 SANDPOINTE, FOURTH FLOOR
SANTA ANA, CALIFORNIA 92707

.7924.005/4830-8962-8162v.1

ii
*PROOF OF SERVICE*